# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

JANEMARIE CRIDER, *et al.*,   )
                              )
    Plaintiffs,            )
                              )
v.                            )    Case No. 2:20-cv-01518-SGC
                              )
ANITA WILLIAMS,               )
                              )
    Defendant.             )

## MEMORANDUM OPINION AND ORDER[1]

In their third amended complaint, the plaintiffs, Janemarie Crider and Tucker Anderson (collectively, "the Parents"), named Anita Williams as the sole defendant and asserted three causes of action: (1) a violation of 42 U.S.C. § 1983, (2) malicious prosecution, and (3) abuse of process. (Doc. 54).[2] The Parents moved for partial summary judgment, and Williams moved for summary judgment in full. (Docs. 103-107). On March 31, 2025, the court entered a memorandum opinion and order finding there were no genuine issues of material fact concerning the Parents' claims for malicious prosecution and abuse of process and granting Williams's summary judgment motion with respect to those claims. (Doc. 127). The court further found

---

[1] The parties have unanimously consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc.20).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

Williams was likely entitled to summary judgment on the Parents' § 1983 claim for a violation of their substantive due process rights; however, because neither party addressed the substantive elements of that claim, the court gave the parties additional time to submit arguments concerning that claim. (*Id.*).

The parties filed briefing regarding the elements of the Parents' substantive due process claim. (Docs. 128, 131). Additionally, the Parents filed a Rule 59 motion to vacate the partial summary judgment awarded to Williams on their claims of malicious prosecution and abuse of process. (Docs. 129-130). The court denied the Parents' Rule 59 motion. (Doc. 133).

The court will not restate the complex facts and procedural history here but stands on its March 31, 2025 Memorandum Opinion and Order and uses the same abbreviations and defined terms used there. (Doc. 127). For the reasons set forth below, Williams is entitled to summary judgment on the Parents' § 1983 claims.

**I.      § 1983 Claims**

As noted in the March 2025 Memorandum Opinion, the third amended complaint seeks to recover under § 1983 for Williams's alleged violation of the Parents' Fourteenth Amendment due process rights. (Doc. 54 at 11). At the summary judgment hearing, the Parents suggested their third amended complaint, the operative pleading, includes a § 1983 action for malicious prosecution in violation of the Fourth Amendment. The Eleventh Circuit previously read the second amended

complaint to include such a claim, though it noted the Parents did not explicitly plead a Fourth Amendment claim. *See Crider v. Williams*, No. 21-13797, 2022 WL 3867541, at *3 n.4 (11th Cir. Aug. 30, 2022). Although the Parents are represented by counsel and have now filed four versions of their complaint (two of which postdate the Eleventh Circuit's opinion), the third amended complaint still does not invoke the Fourth Amendment. The Parents, however, contend that because they did not change the substance of their § 1983 claim in their subsequent complaints, "[h]aving left Count One as the Eleventh Circuit found it, the Parents state a Fourth Amendment malicious prosecution claim." (Doc. 130 at 14).[3] The court will therefore address that claim below.

### A. Immunity

Williams argues she is entitled to summary judgment based on qualified immunity, state agent immunity, and statutory immunity. When viewed in the light most favorable to the Parents, however, a reasonable jury could conclude Williams intentionally deceived Judge Irwin when she told him on April 5, 2016, that the Child had resided in Alabama for six months "to the best of her knowledge" when only a few days prior, on March 31, 2016, she signed a verified Petition for Dependency stating the Child moved to Alabama in January 2016. (Doc. 107-1 at 4). An

---

[3] Although this argument was presented in the Parents' Rule 59 brief, the court finds it appropriate to address here. (Doc. 130).

3

intentional misrepresentation renders inapplicable any of the immunity doctrines Williams cites. *See Crider v. Williams*, No. 21-13797, 2022 WL 3867541, at *9 (11th Cir. Aug. 30, 2022) (holding that knowingly making a false representation to a court violates a clearly established principle that precludes the application of qualified immunity); *Ex parte Cranman* 792 So. 2d 392, 405 (Ala. 2000), *holding modified by Hollis v. City of Brighton*, 950 So. 2d 300 (Ala. 2006) (recognizing a state agent "*shall not* be immune from civil liability in [] her personal capacity (1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law" (emphasis added)); Ala. Code § 26-14-9 (providing statutory immunity from liability for participation in child abuse removals and judicial proceedings where the individual makes a "good faith report" in the relevant proceedings).

### B. Substantive Due Process

Pursuant to the Fourteenth Amendment, states may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. During the summary judgment hearing, the Parents focused on an alleged violation of their Fourteenth Amendment substantive due process rights to direct the care

4

and/or custody of the Child. As the Eleventh Circuit recognized, however, the substance of the Parents' allegations—that Williams allegedly lied to various courts to obtain custody of the Child—implicates a procedural due process violation. *See Crider*, 2022 WL 3867541 at *5 (stating that proceedings based on false statements implicate a lack of procedural due process and citing *Johnston v. Borders*, 36 F.4th 1254, 1272 (11th Cir. 2022) and *Brown v. Wainwright*, 785 F.2d 1457, 1458 (11th Cir. 1986)). The Parents have no substantive due process claim because "[s]ubstantive due process prohibits the government from engaging in certain activity regardless of the procedure used to implement that activity. Since the government may intervene in the family relationship when following proper procedures upon appropriate facts, [the Parents have] no constitutional right which can survive procedural due process." *See Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990) (citing *Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497 U.S. 261 (1990)). In other words, the Parents did not have an absolute right to direct the care and/or custody of the Child. The Parents have not challenged this finding in their supplemental brief in opposition to summary judgment. (Doc. 128). Accordingly, Williams is entitled to summary judgment on any claim for a violation of the Parents' substantive due process rights under the Fourteenth Amendment.

## C. Procedural Due Process

To succeed on a procedural due process claim, the Parents must establish: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process. *See Huntsville Senior Servs. v. Alabama Dep't of Pub. Health*, 645 F. Supp. 3d 1254, 1262 (N.D. Ala. 2022) (quoting *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). There is no dispute the Parents suffered a deprivation of a constitutionally protected liberty interest—the right to direct the care and custody of the Child—because of state action through DHR. Consequently, the Due Process Clause entitled them to "notice and some form of a hearing before state action" could deprive them of that interest. *See id.*, 645 F. Supp. 3d at 1267. Importantly, however, "'unless the state refuses to make available a means to remedy the deprivation,' the claimant has not been denied a meaningful opportunity to be heard." *Id.* (quoting *Barr v. Jefferson Cnty. Barber Comm'n*, 250 F. Supp. 3d 1245, 1255 (N.D. Ala. 2017)); *see also McKinney v. Pate*, 20 F.3d 1550, 1563 (11th Cir. 1994); *Foxy Lady, Inc. v. City of Atlanta, Ga.*, 347 F.3d 1232, 1236 (11th Cir. 2003); *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000). This is not an exhaustion requirement; instead, this principle recognizes that "due process violations do not even exist unless no adequate state remedies are available." *Cotton*, 216 F.3d at 1331, n.3. Further, it is not a requirement that state courts were actually involved in or asked to provide a remedy in the specific case

before the federal court. *See Huntsville Senior Servs.*, 645 F. Supp. 3d at 1267. "Federal courts' refusal to entertain procedural due process claims 'unless inadequate state procedures exist to remedy an alleged procedural deprivation' makes good sense; 'the state must have the opportunity to remedy the procedural failings of its agencies, in the appropriate fora' such as 'state courts,' before being made subject to a claim for constitutional malfeasance." *Id.* (quoting *Cotton*, 216 F.3d at 1331).

## 1. Post-deprivation Remedies

As detailed above, if post-deprivation state remedies were available to the Parents, their § 1983 claim for a violation of their procedural due process rights fails. Multiple post-deprivation remedies were available to the Parents under Alabama law. First, the Juvenile Court awarded temporary custody of the Child to DHR on March 31, 2016: "[I]t is . . . ORDERED that the temporary physical and legal custody of [the Child] is hereby placed in [DHR] pending a hearing in this cause." (Doc. 107-1 at 9). As held by the Alabama Court of Civil Appeals in its review and rejection of the Parents' petition for a writ of habeas corpus, this "temporary" custody order was a "final" custody award or judgment, rather than a pendente lite award, because it was intended to remain in effect until a party sought to modify it. *B.J.C. v. Blount Cnty. Dep't of Hum. Res.*, 263 So. 3d 705, 706 (Ala. Civ. App. 2017). It was therefore reviewable by both an appeal and a motion pursuant to Alabama

Rule of Civil Procedure 60(b). *See id.* at 707; *see also T.J.H. v. S.N.F.*, 960 So. 2d 669, 673 (Ala. Civ. App. 2006). Second, the Juvenile Court conducted a shelter care hearing on April 5, 2016, the same day Williams took custody of the Child in Tennessee. (Doc. 104-10; 107-5 at 3; 107-7 at 19). Following that hearing, the Juvenile Court again awarded temporary custody of the Child to DHR via an order dated April 26, 2016: "Based upon these findings it is ordered that the [Child] is hereby placed in the custody of [DHR] where said child shall remain pending further order of this court."[4] (Doc. 107-1 at 13). While the Parents complain that the April 5, 2016 hearing was deficient, Alabama law considers the subsequent April 26, 2016 Order, like the March 31, 2016 Order, to be a "final" order reviewable by both an appeal and a Rule 60(b) motion.[5] *See B.J.C.*, 263 So. 3d at 706; *T.J.H.*, 960 So. 2d at 673. Thus, as the Alabama Court of Civil Appeals recognized, there were at least two further layers of review available to the Parents:

> The parents in this case filed a petition for the writ of habeas corpus in the circuit court, alleging a procedural violation in the juvenile court. Although the parents did not file a timely appeal to this court regarding the juvenile court's March 31, 2016, order awarding temporary custody of the child to DHR, the question whether the juvenile court's order was void could have been raised in a Rule 60(b)(4), Ala. R. Civ. P., motion filed in the juvenile court.

---

[4] This order was (1) signed April 26, 2016, (2) stamped filed on April 27, 2016, (3) and entered into Alacourt on April 29, 2016. (Doc. 107-1 at 13).

[5] The Parents acknowledge that the April 2016 Order was a temporary custody order. (Doc. 128 at 5). They also conceded during the summary judgment hearing that they could have appealed that order. (Summary Judgment hearing transcript at 41-42).

*B.J.C.*, 263 So. 3d at 707. Alabama law also permits a party to file a petition for writ of mandamus. *See* Ala. R. App. P. 21. Further, the Parents acknowledged during the summary judgment hearing they could have appealed the April 2016 order granting temporary custody of the Child to DHR. (*See* Summary Judgment hearing transcript at 41-42). The availability of these state remedies precludes the Parents' procedural due process claim. *See, e.g., Huntsville Senior Servs.*, 645 F. Supp. 3d at 1267.

Rather than address the post-deprivation remedies the court highlighted in the March 31, 2025 Memorandum Opinion, the Parents again raise questions surrounding Williams's knowledge of the Child's residence prior to the filing of the petition and statements made by the attorneys for DHR during proceedings before the Juvenile Court and during mandamus proceedings. (Doc. 128 at 3). They also argue that (1) the May 2, 2019 Order granting custody to the Maternal Grandparents was not a final order because it was not certified under Alabama Rule of Civil Procedure 54(b) and (2) the deprivation of due process occurred within the State of Tennessee, so this court should consider the remedies available (but denied to them) under Tennessee law.

First, the court has previously explained its conclusion that the May 2 Order was an outright award of custody. (Doc. 127 at 26). It is at least a temporary custody order and, therefore, a "final" appealable order under Alabama law. *See T.J.H. v. S.N.F.*, 960 So. 2d 669, 673 (Ala. Civ. App. 2006). As recognized by the Alabama

9

Court of Civil Appeals in its review and rejection of the Parents' petition for a writ of habeas corpus, despite its name, a temporary custody order is a "final" custody award or judgment, not a pendente lite award, because it is intended to remain effective until a party seeks to modify it. *B.J.C. v. Blount Cnty. Dep't of Hum. Res.*, 263 So. 3d 705, 706 (Ala. Civ. App. 2017).

Second, the court rejects the Parents' arguments regarding process available in Tennessee. They complain that although Tennessee law requires a post-seizure due process hearing (Tenn. Code. § 36-6-235),

> Williams prevented this hearing by not giving the parents notice of proceedings in Tennessee and not returning to the Tennessee court with the child for the mandated due process hearing. Williams['s] actions in transporting the child to Alabama and not reporting back to the Tennessee court prevented a post seizure hearing and constitutes the state action that resulted in the denial of the Parents['] due process.

(Doc. 128 at 13). The Parents cite no evidence showing such a hearing was ever scheduled. Though they complain that Williams's failure to file a Tennessee petition prevented the Tennessee courts from assigning a case number or setting further hearings, they have not explained why Williams, an agent for the State of Alabama, is responsible for the Tennessee court's alleged failure to follow Tennessee statutory requirements.

Whether the State of Tennessee failed to afford the Parents all process required by Tennessee law is not the question before this court.[6] Here, the Parents allege Williams, acting under color of *Alabama* law, denied them due process. The Parents cite no authority to support their argument that an agent of one state is responsible for the alleged due process failures of a second state. Accordingly, this court understands the law to examine the post deprivation remedies available under Alabama law; whether the Tennessee court failed to provide the Parents with a required hearing—a question this court does not reach—is a separate issue from whether Alabama law provided the Parents with a post-deprivation remedy for Williams's alleged deprivation of the Parents' procedural due process rights. The relevant question, then, is whether *Alabama* provided them with a means to remedy the deprivation.

As detailed above, Alabama law provided numerous opportunities to seek post-deprivation relief: a shelter care hearing, multiple appellate options, Rule 60(b) motions, and potential mandamus relief. The Parents continually failed to seek the

---

[6] The court notes, however, that although the Parents appealed the Tennessee court's dismissal of their September 18, 2018 emergency petition, their appeal was dismissed because "it appear[ed] to the Court that the [Parents] elected not to pursue [their] appeal." (Doc. 107-9 at 3, 7). The Parents' appeal was set for a hearing to determine whether the appeal would be pursued and whether attorneys or a guardian *ad litem* needed to be appointed. (Doc. 107-9 at 4). The Parents were cautioned: "If you fail to appear, the Appeal shall be dismissed." (*Id.*). This was yet another layer of judicial review/post-deprivation remedy available to the Parents.

appropriate remedies in the Alabama state courts before turning to a federal forum. This failure denied Alabama the "opportunity to remedy the procedural failings of its agencies, in the appropriate fora' such as 'state courts,' before being made subject to a claim for constitutional malfeasance." *Huntsville Senior Servs.*, 645 F. Supp. 3d at 1267 (quoting *Cotton*, 216 F.3d at 1331). Because post-deprivation remedies were available to the Parents under Alabama law, there can be no procedural due process violation, and Williams is entitled to summary judgment on this claim.

### 2. Statute of Limitations

The Parents' § 1983 claims are also barred by the two-year statute of limitations. *See Beverly v. BP Expl. & Prod. Inc.*, No. CV 17-3045, 2022 WL 4242515 (E.D. La. Sept. 14, 2022) (explaining § 1983 actions in Alabama are governed by the two-year statute of limitations codified at Ala. Code § 6-2-38(l)). Here, Williams's challenged actions were completed no later than April 5, 2016. The Parents contended, as early as March 2017 when they filed their petition for writ of habeas corpus, the Petition for Dependency contained untrue allegations. (Doc. 107-11 at 82). Further, the Parents were aware of Williams's alleged misrepresentations to the Tennessee court no later than September 21, 2018, when they filed their emergency petition for jurisdictional hearing in Tennessee. (Doc. 107-10 at 6). Thus, even assuming the discovery rule applied in this case, the two-year statute of

limitations would have expired no later than September 21, 2020, before this lawsuit was filed on October 1, 2020.

The Parents argue their procedural due process claim did not accrue until October 5, 2018, when the Tennessee courts declined to provide them a remedy for the issuance of the April 5, 2016 Attachment Pro Corpus Order. (Doc. 128 at 15). In this action, however, the Parents have brought no claims against any individual acting under color of Tennessee law. As explained above, Williams—the only defendant in this case—is alleged to have acted and did act under color of Alabama law. Whether Tennessee deprived the Parents of procedural due process is not at issue in this lawsuit. Consequently, Williams is entitled to summary judgment on the Parents' § 1983 claim for a violation of procedural due process.

### D. Malicious Prosecution

As with a malicious prosecution claim under Alabama law, the elements of Fourth Amendment malicious prosecution require the Parents to prove that an action was instituted against them without probable cause and was ultimately terminated in their favor. *See, e.g., Laskar v. Hurd*, 972 F.3d 1278, 1285 (11th Cir. 2020). As previously explained, neither DHR's Dependency Action nor any of the Tennessee actions terminated in the Parents' favor. (*See* Doc. 127 at 24-27; Doc. 133 at 4-9). Thus, Williams is entitled to summary judgment for any Fourth Amendment malicious prosecution claim under § 1983.

## II. Conclusion

For the foregoing reasons, no genuine issues of material fact exist regarding the Parents' § 1983 claim for a violation of their substantive due process rights. Accordingly, summary judgment is **GRANTED** in favor of Williams with respect to Count I.

**DONE** this 30th day of September, 2025.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE